Chimbo-Toaponta v. Garland

BIA
Conroy, IJ
A205 199 622

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-three.

PRESENT:
JON O. NEWMAN,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges.*

_____

MIGUEL CHIMBO-TOAPONTA,
*Petitioner,*

v.                                                    21-6251
NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:              Manuel D. Gomez, Manuel D. Gomez & Associates P.C., New York NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Miguel Chimbo-Toaponta,[1] a native and citizen of Ecuador, seeks review of a March 29, 2021, decision of the BIA affirming a May 9, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chimbo-Toaponta*, No. A205 199 622 (B.I.A. Mar. 29, 2021), *aff'g* No. A205 199 622 (Immig. Ct. N.Y. City May 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In lieu of filing a brief, the Government moves for summary denial of Chimbo-Toaponta's petition for review. Rather than determine if the petition is

---

[1] Although this is the name that the agency used and the parties have not moved to correct it, the petitioner's name is given as Juan Miguel Chimbo-Toapanta on his identity documents.

frivolous as required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

We have reviewed the IJ's decision as modified by the BIA, i.e., without the findings that it reversed or declined to reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we review questions of law and the application of fact to law de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C.

3

§ 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Chimbo-Toaponta was not credible as to his claim that members of an opposing political party assaulted him on account of his political opinion.

The agency reasonably relied on an inconsistency between Chimbo-Toaponta's hearing testimony and earlier credible fear interview regarding the number of times he was harmed. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). During his credible fear interview, he reported that he was beaten twice by supporters of an opposing political group because of his support for his own party; during those beatings in July 2009 and November 2010 (or 2011), the opposing party supporters hit him with fists and kicked him. He did not mention that he had been a political candidate or that he sustained other injuries. By contrast, during his merits hearing, Chimbo-Toaponta initially testified that he was assaulted once by supporters of opposing candidates, who cut his arm with a broken bottle in early April 2009 because he was running for office. He repeatedly denied that there

4

were any other instances of harm in Ecuador, except that he was warned not to run again in 2011. When asked why he previously stated that he was harmed in July 2009, he said that he could not remember the month. Then, when asked whether he was also attacked in November 2010, he changed his testimony to say that he was physically attacked at that time, but by members of his community who were angry about losing land to development projects, not by members of an opposing party. Although the agency described the discrepancy between the interview and testimony as relating the number of assaults, as outlined above, Chimbo-Toaponta's accounts were also inconsistent as to the date and manner of the 2009 assault, and the reasons for both assaults. Moreover, we note that Chimbo-Toaponta's written statement varied from both accounts, by describing an assault with a broken bottle on a specific date in late April 2009, and then an incident when members of his community threatened to shut off his water in 2011 because he refused to run for political office.

The agency also reasonably relied on Chimbo-Toaponta's inconsistent statements regarding the name of his political party. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). When asked for the name of the party during his hearing, he said that it was called "Independiente Quereno" or "List 68," and he said that it

5

did not have any other names. However, in his written statement, he referred to the party as "Decision Civica" or List 68, and during his credible fear interview, he gave the name "Nove Paiz."[2]

Instead, Chimbo-Toaponta argues that the above inconsistencies are explained by his difficulty understanding Spanish, his nervousness testifying at his hearing, and his lack of education. These explanations are not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Chimbo-Toaponta repeatedly asserted to the immigration court that his best language was Spanish, and notwithstanding the interpreter's reservations about whether that was accurate, he said that he understood the interpreter, his attorney declined to argue that Chimbo-Toaponta

---

[2] Chimbo-Toaponta does not challenge the agency's reliance on the credible fear interview record. In any event, the agency may consider statements made in a credible fear interview when assessing an applicant's credibility so long as "the record of [the] credible fear interview displays the hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The record here displays indicia of reliability: the interview was documented in a typewritten list of questions and responses, Chimbo-Toaponta did not express difficulty understanding the interpreter, and the interviewer asked questions designed to elicit an asylum claim. *See id.*

had difficulty understanding his merits hearing, and the record reflects that he understood and responsively answered questions posed. Chimbo-Toaponta's purported nervousness during his hearing would not explain why his written statement, like his initial testimony, omitted the second alleged instance of physical abuse—particularly as the written statement contained different allegations of abuse during approximately the same period. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). Likewise, his limited education does not compellingly explain why he could not remember how many times he was assaulted, or why he would testify the party had no other names but then give additional names for the party.

Chimbo-Toaponta also argues that the above inconsistencies are too minor to support the adverse credibility determination. We disagree. These multiple inconsistencies provide substantial evidence for the adverse credibility determination because they relate to the alleged persecution.[3] *See Likai Gao v.*

---

[3] We decline to reach the agency's third inconsistency finding, related to whether there was an interpreter at two "master hearings." Even assuming error, remand is not required when "overwhelming evidence in the record makes it clear that the

7

*Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements . . . about matters material to [a] claim of persecution . . . , a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise."); *Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (quoting *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006)). The adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

---

same decision is inevitable on remand." *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019). This is such a case, given the inconsistencies regarding the alleged assaults.

8

Finally, we lack jurisdiction to consider Chimbo-Toaponta's challenge to the BIA member's decision to resolve his appeal unilaterally rather than refer it to a three-member panel. *See Kambolli v. Gonzales*, 449 F.3d 454, 465 (2d Cir. 2006) ("[W]e lack jurisdiction to review a claim that a single BIA member erred in deciding to resolve unilaterally an appeal of an IJ's order and not to refer the case to a three-member BIA panel.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9